**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

UARON  J. C. MASON                                                                                          PLAINTIFF

V.                                              4:05CV00787 SWW/JTR

RANDY JOHNSON, Sheriff,
Pulaski County Jail; et al.                                                                             DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

>   2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
>
>   3.  The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite 402
>   Little Rock, AR 72201-3325

### I. Introduction

Plaintiff, who is now a freeworld citizen, has commenced this *pro se* § 1983 action alleging that Defendants violated his rights while he was incarcerated at the Pulaski County Detention Facility ("PCDF"). *See* docket entries #2 and #5. For the reasons set forth below, the Court recommends that: (1) this case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted; and (2) the Clerk be directed to return the original exhibits Plaintiff filed on August 5, 2005.

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that, if a plaintiff has been granted permission to proceed *in forma pauperis*, the Court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be

granted."[1] 28 U.S.C. § 1915(e)(2). The Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Analysis of Plaintiff's Claims

In his Complaint and Amended Complaint, Plaintiff alleges that Defendants Sheriff Randy Johnson, Chief Jail Administrator Randy Morgan, and Major Shawn Smith improperly delayed his receiving medical treatment for herpes. *See* docket entries #2 and #5. The Court concludes that Plaintiff's allegations of inadequate medical care fail to state a viable § 1983 claim for two reasons.

First, it is black letter law that a § 1983 action can only be brought for violations of a federal statutory or constitutional right. *See Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1093 (8th Cir. 2004); *Isakson v. First Nat'l Bank*, 990 F.2d 1098, 1098 (8th Cir. 1993). In his Complaint and Amended Complaint, Plaintiff states that Defendants violated <u>internal PCDF policies</u> as to the proper time for responding to medical requests. *See* docket entries #2 and #5. However, the Eighth

---

[1] This provision applies to all *in forma pauperis* plaintiffs, regardless of whether they are freeworld citizens or prisoners. *See* 28 U.S.C. § 1915(e)(2). In contrast, the mandatory screening function set forth in 28 U.S.C. § 1915A only applies to prisoners. *See* 28 U.S.C. § 1915A(a).

Circuit has held, on several occasions, that prisoners do not have a constitutional right to enforce compliance with internal prison rules or regulations. *E.g., Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996).

Second, even if the Court were to presume that Plaintiff is also alleging that he received inadequate medical care in violation of the Eighth Amendment, his claim still fails because he has sued the wrong Defendants. It is well settled that there is no respondeat superior liability in § 1983 actions and that, instead, supervisors can only be held liable for their direct, personal involvement in the alleged constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-92 (1978); *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001). In his Complaint and Amended Complaint, Plaintiff alleges that Defendants failed to ensure that their unnamed "employees" complied with the PDCF polices regarding medical care. *See* docket entries #2 and #5. Importantly, Plaintiff does not allege that Defendants personally denied Plaintiff's requests for medical treatment or were otherwise personally involved in delaying his receipt of treatment for herpes. *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990) (holding that prison officials cannot be held vicariously liable, in a § 1983 action, for allegedly inadequate medical care rendered by another prison employee); *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990) (same). Accordingly, this action should be dismissed, without prejudice, for failing to state a viable § 1983 claim for relief.[2]

Finally, on August 5, 2005, the Clerk received from Plaintiff several exhibits that appear to be documents regarding a PCDF disciplinary conviction he received in April of 2005. *See* docket

---

[2] If Plaintiff wishes to pursue a § 1983 action for the allegedly inadequate medical treatment for his herpes outbreak while he was being held at the PCDF, he should file a new § 1983 action that: (1) clearly specifies a violation of the Eighth Amendment, instead of an internal prison rule or regulation; (2) names the defendants who directly and personally delayed in providing him medical treatment; and (3) clarifies how he was harmed by the alleged delay.

entry #9. Although the claims involved in this case do not arise from or in any way relate to a disciplinary conviction, the Clerk still filed those Exhibits in this case.

Plaintiff has another lawsuit pending in this district, *Mason v. Johnson*, 4:05CV00851, in which he appears to be challenging a PCDF disciplinary conviction. Accordingly, the Court recommends that the Clerk be instructed to file the original exhibits received from Plaintiff on August 5, 2005, in *Mason v. Johnson*, 4:05CV00851.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's § 1983 Complaint and Amended Complaint (docket entries #2 and #5) be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2. The dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).[3]

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3),[4] that an *in forma pauperis* appeal from any Order and accompanying Judgment adopting this Recommended Disposition would

---

[3] 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." (Emphasis added.) Of course, this "strike" provision will only apply to Plaintiff if, at some future date, he files an Application to Proceed *In Forma Pauperis* while he is a prisoner.

[4] 28 U.S.C. § 1915(a)(3) provides that: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

not be taken in good faith.

  4.  The Clerk be directed to transfer the original August 5, 2005 Exhibits (docket entry #9) filed in this case to the file in *Mason v. Johnson*, 4:05cv00851.

  Dated this 18th August, 2005.

                      _____
                      UNITED STATES MAGISTRATE JUDGE